IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RAYMOND TURNER, # 262411, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:16cv128-WHA |
| ) | (WO) |
| MARY COOKS, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

This case is before the court on a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Raymond Turner ("Turner") on February 23, 2016. Doc. No. 1.[1] Turner challenges his 2008 manslaughter conviction in the Covington County Circuit Court, arguing he was maliciously prosecuted because of his race and that he is actually innocent of the offense for which he was convicted. *Id.* at 5 and 16–18  The respondents maintain that Turner's petition is time-barred by the one-year federal limitation period for § 2254 petitions. Doc. No. 7 at 18–21.  After reviewing the pleadings and other submissions by the parties, the court concludes that no evidentiary hearing is required and that Turner's petition should be denied as untimely.

---

[1] Document numbers ("Doc. No.") are those assigned by the Clerk of Court in this action.  Page references are to those assigned by CM/ECF.  Turner avers in his petition that he placed it in the prison mailing system on February 23, 2016.  Doc. No. 1 at 15.  His petition was stamped as received in this court on February 26, 2016.  Under the "mailbox rule," a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271–72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

## II. DISCUSSION

### A. AEDPA's One-Year Limitation Period

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). As a general rule, a petition for writ of habeas corpus under § 2254 must be filed within a year of the date on which the petitioner's judgment of conviction becomes final, either by the conclusion of direct review or by the expiration of the time for seeking direct review. *See* 28 U.S.C. § 2244(d)(1)(A).

2

### 1. Turner's State Court Proceedings

On May 23, 2008, a Covington County jury found Turner guilty of manslaughter, in violation of § 13A-6-3(a)(1), Ala. Code 1975, a lesser-included offense of the charge in the indictment, reckless murder. On November 12, 2008, the trial court sentenced Turner to 20 years in prison. Turner appealed, and on December 11, 2009, the Alabama Court of Criminal Appeals affirmed his conviction and sentence by unpublished memorandum opinion. Doc. No. 7-3. After the Alabama Court of Criminal Appeals extended the time to apply for rehearing to January 18, 2010 (*see* Doc. No. 7-4), Turner filed no application for rehearing. The Alabama Court of Criminal Appeals issued a certificate of judgment on January 29, 2010. Doc. No. 7-5.

Five years later, on January 29, 2015, Turner filed a petition in the trial court seeking relief from his conviction and sentence under Rule 32 of the Alabama Rules of Criminal Procedure. *See* Doc. No. 7-8 at 2. On September 28, 2015, the trial court entered an order denying Turner's Rule 32 petition. *Id*. Turner appealed, and on February 5, 2016, the Alabama Court of Criminal Appeals affirmed by memorandum opinion. *Id*. Turner did not file for rehearing, and the Alabama Court of Criminal Appeals issued a certificate of judgment on February 24, 2016. Doc. No. 7-8.

### 2. Analysis of the Timeliness of Turner's § 2254 Petition

The Alabama Court of Criminal Appeals issued the certificate of judgment in Turner's direct appeal on January 29, 2010. For purposes of federal habeas review and 28

U.S.C. § 2244(d)(1)(A), Turner had until January 31, 2011[2]—absent any statutory or equitable tolling—to file a § 2254 petition in this court.

Turner filed a Rule 32 petition in the trial court on January 29, 2015. That filing, however, did not toll the federal limitation period under 28 U.S.C. § 2244(d)(2), because the limitation period ran unabated for one year after January 29, 2010, before expiring on January 31, 2011. "[O]nce a deadline has expired, there is nothing left to toll." *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004). "A state court filing after the federal habeas deadline does not revive" the statute of limitations period applicable to federal habeas review. *Id*. Turner filed his § 2254 petition with this court on February 23, 2016— over five years after the federal limitation period expired.

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)–(D) do not provide safe harbor for Turner such that AEDPA's limitation period commenced on some date later than January 29, 2010, or expired on some date later than January 31, 2011. There is no evidence that an unlawful state action impeded Turner from filing a timely § 2254 petition, *see* § 2244(d)(1)(B), and Turner submits no ground for relief with a factual predicate not discoverable earlier through exercising due diligence, *see* § 2244(d)(1)(D). Turner also presents no claim resting on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *See* 28 U.S.C. § 2244(d)(1)(C).

---

[2] January 29, 2011, fell on a Saturday. The first ensuing week day was January 31, 2011.

In rare circumstances, the federal limitation period may be equitably tolled on grounds besides those specified in the habeas statute where a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida.*, 560 U.S. 631, 649 (2010). *See also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The burden of establishing entitlement to equitable tolling rests with the petitioner. *Hollinger v. Sec'y Dep't of Corrs.*, 334 F. App'x 302, 306 (11th Cir. 2009). Turner makes no argument and brings forth no evidence demonstrating that he is entitled to equitable tolling, and the court knows of no reason that would support tolling of the limitation period in this case.

### B. Actual Innocence

Turner claims he is actually innocent of the offense for which he was convicted. Doc. No. 1 at 5 and 16–18. Turner's conviction arose out of a collision of a tractor-trailer rig he was driving with an automobile whose driver was killed in the collision. According to Turner, the incident was purely an accident for which he should not have been held criminally liable or, at most, would support a conviction for criminally negligent homicide. *Id.*

The statute of limitations may be overcome by a credible showing by the petitioner that he is actually innocent. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1932 (2013). Habeas petitioners asserting actual innocence as a gateway to review of defaulted or time-barred claims must establish that, in light of new evidence, "it is more likely than not that no

5

reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "[This] standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). "In the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id*. at 537.

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998); *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). The Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

Here, Turner points to no new reliable evidence, as required by *Schlup*, to support a claim of actual innocence. Instead, he reargues the sufficiency of—and the weight afforded—the State's evidence. Such arguments, predicated on Turner's interpretation of the import of the evidence presented at trial, will not sustain a claim of actual innocence. *See Bousley*, 523 U.S. at 623-24; *Johnson v. Alabama,* 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that claim of actual innocence must be supported by "reliable evidence not presented at trial"); *Rozzelle v. Sec'y, Florida Dep't of Corr.,* 672 F.3d 1000, 1017–18

(11th Cir. 2012) (evidence is not considered "new" when the jury heard the substance of virtually all such evidence); *Rutledge v. Neilsen*, 2012 WL 3778987 at *7 (M.D. Ala. Jul. 30, 2012) (allegations going to sufficiency of and/or weight afforded the evidence do not constitute "new reliable evidence" regarding petitioner's actual innocence).

Turner challenged the sufficiency of the State's evidence on direct appeal. The Alabama Court of Criminal Appeals reviewed that claim and found evidence was presented at trial from which the jury could have reasonably concluded that Turner was guilty of the offense of reckless manslaughter. Doc. No. 7-3 at 28–30. Turner is not entitled to further review of his sufficiency claim because his § 2254 petition was filed well after expiration of the federal limitation period and he fails to satisfy the actual-innocence exception to the habeas statute's time-bar as articulated in *Schlup*.³ As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted). Turner's is not such a case.

For the reasons set forth above, Turner's § 2254 petition is time-barred and his claims are not subject to further review.

---

³ The Eleventh Circuit has left open the question of whether federal habeas courts may entertain "freestanding" actual-innocence claims in non-capital cases. *See Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1272 (11th Cir. 2010); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1356 (11th Cir. 2007). However, assuming solely for argument that Turner may assert his "actual innocence" claim as a freestanding, "non-gateway" claim, such a claim would still be subject to AEDPA's procedural restrictions, including the limitation period in § 2244(d). *See, e.g., Moody v. Thomas*, 89 F. Supp. 3d 1167, 1270–71 (N.D. Ala. 2015) (freestanding actual-innocence claim, if cognizable, was subject to exhaustion requirement). In any event, as stated in this Recommendation, Turner's actual-innocence claim amounts to a challenge to the sufficiency of and/or weight afforded the State's evidence. Such a claim, even if taken as a freestanding actual-innocence claim, is time-barred under § 2244(d).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case DISMISSED with prejudice, as the petition was filed after expiration of the one-year limitation period in 28 U.S.C. § 2244(d).

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation on or before December 18, 2017. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 4th day of December, 2017.

    /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE